UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

WAYNE MICHAEL REAVIS, JR.                           CIVIL ACTION

VERSUS                                              NUMBER: 12-2879

DOC JAMES M. LEBLANC,                               SECTION: "N"(5)
SECRETARY; ET AL.

                    **REPORT AND RECOMMENDATION**

    Presently before the Court is the motion to dismiss of defendant, James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DOC"). (Rec. doc. 9). Plaintiff has filed no memorandum in opposition to defendant's motion.[1]/  For the reasons that follow, it is recommended that defendant's motion be granted and that plaintiff's suit be dismissed with prejudice.

    Wayne Michael Reavis, Jr., plaintiff herein, is a resident of Slidell who was, at various times over the years, incarcerated at the St. Tammany Parish Jail ("STPJ") following a series of

---

    [1]/ As plaintiff has filed no response to defendant's motion, timely or otherwise, the Court may properly assume that he has no opposition to it.  See Local Rule 7.5; Bean v. Barnhart, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007).

convictions in 2005, 2009, and 2010 and for the violation of his parole in 2012.  In the above-captioned complaint which he filed against Secretary LeBlanc, the DOC, and its Division of Probation and Parole, plaintiff complains that the named defendants miscalculated his release date by failing to give him proper credits for diminution of sentence, for time served on parole, and for time served while in actual custody.  Plaintiff asks that the defendants be compelled to give him the appropriate credits toward the completion of his sentences, that he be immediately released from the custody of the DOC, that he be awarded compensatory and punitive damages, and that he receive a formal apology from the DOC.   (Rec. doc. 1).   Plaintiff is proceeding herein in forma pauperis ("IFP") pursuant to 28 U.S.C. §1915.  (Rec. doc. 3).

In Reavis v. LeBlanc, et al., No. 12-CV-2261"N"(5), a case that plaintiff filed in September of 2012, plaintiff presented the same sentence miscalculation claims against the same defendants that he sues in the above-captioned matter. (12-CV-2261, rec. doc. 1).  On September 19, 2012, the undersigned issued a Report and Recommendation in that case recommending that the plaintiff's complaint, insofar as it could be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust state court remedies and that his 42 U.S.C. §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i). Reavis v. LeBlanc, No. 12-CV-2261, 2012 WL 5303308 (E.D. La. Sept. 19,

2

2012). Reavis filed no objections to the Report and Recommendation and on October 25, 2012, the District Judge adopted the Report and Recommendation as his opinion and ordered the recommended dismissal. Reavis v. LeBlanc, No. 12-CV-2261, 2012 WL 5354995 (E.D. La. Oct. 25, 2012). No appeal was taken.

The Fifth Circuit has held that "... IFP complaints may be dismissed as frivolous pursuant to [former] §1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 417 (1980)(citing Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988)). Principles of res judicata serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. McGill v. Juanita Kraft Postal Service, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003). A complaint is thus malicious and subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) "... when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." Id. (quoting Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993)).

Plaintiff's present lawsuit is repetitious litigation of

3

virtually the identical cause of action that was urged in 12-CV-2261 and is thus subject to dismissal under §1915(e)(2)(B)(i) as being malicious.  The only circumstance that has changed since plaintiff's previous lawsuit was filed was that he was released from STPJ and is apparently now on parole.  (Rec. doc. 9-1, p. 2).  Plaintiff's release on parole does not alter his custody status for purposes of habeas jurisdiction, Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373 (1963), and the grounds for the dismissal of any §1983 claims raised by plaintiff's present complaint are as valid now as they were in his previous suit.  No showing of exhaustion of state law remedies is made by plaintiff.  Given the fact that plaintiff's complaint contains no statement of the Court's jurisdiction or the federal law(s) upon which his cause(s) of action is based, to the extent that plaintiff now seeks to now proceed under some different legal theory, his allegations all arise from the same common nucleus of operative facts and are foreclosed under traditional notions of res judicata.  Wilson, 878 F.2d at 850: McGill, 2003 WL 21355439 at *2.  The privilege of proceeding IFP at the government's expense does not entitle plaintiff to a second "...bite at the litigation apple..." with respect to the alleged miscalculation of his sentences.  Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's

motion be granted and that plaintiff's lawsuit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 21st day of March, 2013.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

5